L. A. HALL and E. HERRMAN, by brief, *contra.*

---

### GIBSON *v.* COHEN & COMPANY.

SIMMONS, J.—There was no error in the refusal to grant the injunction prayed for in this case.          *Judgment affirmed.*
March 10, 1890.

Petition for injunction. Before Judge SMITH. Talbot county. At chambers, August 3, 1889.

In Gibson's petition appeared the following: On November 3d, 1881, W. A. Daniel made and delivered to Coleman & Co. a mortgage on a brick storehouse and the lot on which it was situated in Talbotton, with power to sell. Afterwards, on December 24th, 1882, Coleman & Co. transferred this mortgage to petitioner for a valuable consideration, and on the first Tuesday in May, 1885, under the power of sale in the mortgage, petitioner sold the property and became the purchaser for $1,220, that being all it would bring and all that it was worth. On the day of sale, Hochstadder & Co., creditors of W. A. Daniel, and Cohen & Co., creditors of T. B. Daniel, served petitioner with garnishments, each of which he answered. His answers were traversed. At the March term, 1886, of the superior

court of Talbot county, the case of Hochstadder & Co. against him as garnishee was tried, and it was determined that the money in his hands, over and above the amount due on the mortgage and the indebtedness of W. A. Daniel to him, was the property of W. A. Daniel, and a judgment was rendered against petitioner therefor, which he has paid. At the September term, 1888, the case of Cohen & Co. against him as garnishee was tried, and it was determined that the balance, over and above what was due on the mortgage, was the property of T. B. Daniel, and judgment therefor was rendered against petitioner. He avers that there were two judgments against him for the same fund, one in favor of the creditors of W. A. Daniel which he has paid, and one in favor of the creditors of T. B. Daniel, which is outstanding and upon which an execution has been issued and has been levied on petitioner's property, and it is advertised for sale and will be sold unless the sheriff is restrained. The judgment in the case of Cohen & Co. was erroneous, petitioner not being indebted to T. B. Daniel in any sum. Upon the trial of that case he offered to prove, by W. A. Daniel, that a deed made by W. A. Daniel on September 9th, 1882, to T. B. Daniel, to the property described in the mortgage, which deed had been introduced in evidence by the plaintiff, was a voluntary deed without any consideration, to defraud the creditors of W. A. Daniel, and that T. B. Daniel would hold the property for W. A. Daniel, and that W. A. Daniel was insolvent at the time he made it, and conveyed for the purpose of delaying, hindering and defrauding his creditors, which purpose T. B. Daniel knew at the time; also that petitioner had paid the balance of the proceeds arising from the sale of the property described in said deed, after paying the balance due on the mortgage, to the creditors of W. A. Daniel. This testimony was ruled out,

which petitioner avers was erroneous. He also offered to prove, by himself, that after the sale of the property under mortgage, he was garnished by the creditors of T. B. Daniel and W. A. Daniel, and that a judgment had been rendered against him, in favor of W. A. Daniel's creditors, for the balance after paying the mortgage. This testimony also was erroneously ruled out. He further offered in evidence the judgment and record of the case of Hochstadder & Co. against him-self, and this was erroneously ruled out. He prays for injunction against Cohen & Co.; that their judgment against him be reviewed, reversed and corrected ; that the record of that case be inspected and the judgment and decree rendered be set aside and a new trial granted ; and for general relief and process. He at-taches as an exhibit a motion for a new trial made by him in the case of Cohen & Co. against him, the grounds of which motion were, because of the rejection of testimony, as above stated ; because the verdict was contrary to law and evidence ; and because of the sick-ness of Gibson's attorney, Mathews, who announced ready for trial thinking he was able to try the case, but when he proceeded with the case, discovered that he was too sick to attend to it, and requested Thornton, an attorney who was in the court, to assist him. Thornton, not having any connection with the case, did not know anything of the facts, and Mathews was too sick to try the case and do movant justice. The attention of the court was not called to Mathews' sick-ness. Attached to the motion were affidavits of Mathews, Thornton and Gibson tending to sustain the last ground. It does not appear that this motion ever was passed upon. The record of the case of Hochstad-der Brothers against Gibson was also exhibited. It consisted of an affidavit for garnishment, bond, service of summons on Gibson May 5th, 1885 ; answer of Gib-

son September 14th, 1885, denying any indebtedness, etc. to W. A. Daniel, as whose creditor Hochstadder Brothers had sued out the summons ; the traverse filed to the answer; the verdict, finding in favor of plaintiffs against Gibson $94.24 with interest from May 5th, 1885, and the judgment entered thereon ; motion for a new trial made by Hochstadder Brothers at the March term, 1886, and the order overruling the same, dated May 11th, 1886 ; a brief of the testimony, from which it appeared that the defence made by Gibson was, that he had bought in the property for $1,220 at the sale under the mortgage, and had paid out of the proceeds the mortgage indebtedness, advertising fees, taxes, and a note due himself by W. A. Daniel. He also exhibits to the present petition the testimony in the case of Cohen & Co. against him, which need not be stated here. No answer to the petition appears in the record. The injunction was refused, and Gibson excepted.

J. M. MATHEWS and C. J. THORNTON, for plaintiff.
MARTIN & WORRILL, for defendants.